John SNEED, Plaintiff–Appellee,

v.

G. CHASE, Dr.; et al., Defendants–Appellants.

No. 06–15833.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 1, 2008.

Cal J. Potter, III, Esq., John C. Funk, Esq., Potter Law Offices, PC, Las Vegas, NV, for Plaintiff–Appellee.

Brian Sandoval, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, J.M. Howard, for Defendants–Appellants.

Before: WALLACE, SCHROEDER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Defendants Dr. Georgene Chase, Dr. Ted D'Amico, and Sheryl Foster appeal the district court's denial of their motion for summary judgment. We dismiss for lack of jurisdiction.

Defendants' appeal challenges the district court's determination that genuine is-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sues of material fact remain for trial. Defendants argue that John Sneed failed to introduce sufficient admissible evidence to create any such triable issues and that the district court therefore erred in not holding that Defendants were entitled to qualified immunity. In an interlocutory appeal from a denial of qualified immunity, our jurisdiction extends only to questions of law. *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001). The Supreme Court has expressly established that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones,* 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *see also Collins v. Jordan,* 110 F.3d 1363, 1370 (9th Cir.1996) ("[I]f the appellant argues that, contrary to the district court's assertions, an examination of the record reveals that there is no dispute as to the facts, or that there is not sufficient evidence in the record to create such a dispute, we must dismiss for lack of jurisdiction."). As Defendants' appeal fails to raise a question of law, we dismiss for lack of jurisdiction.

**DISMISSED.**